

**U.S. Department of Justice**
Criminal Division
*Fraud Section*
*1400 New York Ave NW*
*Washington, D.C. 20005*

March 21, 2024

**VIA ECF & EMAIL**

U.S. District Judge David S. Leibowitz
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 202A, Chambers 202B
Fort Lauderdale, Florida 33301

    Re:  <u>United States v. Brett Blackman, et al.</u>, 23-cr-20271-DL – Status Letter

Dear Judge Leibowitz:

    We write to provide the Court with an update regarding the case and the state of discovery.

**I.    Overview of the Case**

    The Superseding Indictment charges a wide-ranging health care fraud and kickback conspiracies in which the Defendants, from February 2015 through October 2020, connected offshore and domestic telemarketing centers, purported telemedicine companies, orthotic brace suppliers, and pharmacies through their online platform ("the DMERx platform") for the purpose of generating false and fraudulent doctors' orders for hundreds of thousands of medically unnecessary items that were unlawfully billed to Federal health care benefit programs. The alleged intended loss to Federal health care benefit programs exceeds $1 billion.

    This case is unique due to the breadth of the alleged conspiracies. Dozens of individuals—including telemedicine company owners, telemedicine practitioners, orthotic brace supply company owners, pharmacists, and owners of telemarketing companies—have been charged and convicted of various offenses relating to their use of the DMERx platform, which the Defendants are alleged to have programmed to generate false and fraudulent doctors' orders that these individuals bought and sold in exchange for kickbacks and bribes and then used to bill Federal health care programs.

    These individuals have been prosecuted in districts throughout the country, including the District of New Jersey, Southern District of Florida, Middle District of Florida, Eastern District of Pennsylvania, Eastern District of Michigan, Western District of Texas, Middle District of Tennessee, Eastern District of Wisconsin, Western District of Wisconsin, District of New

Hampshire, District of South Carolina, Southern District of Georgia, and Central District of California, among others. Many of these individuals are cooperating with the government.

## II.    Procedural History

Trial in this matter is currently scheduled for August 12, 2024, which Judge Bloom set after granting the parties' August 21, 2023, Joint Motion to Continue Trial Date. [ECF No. 32].

On February 7, 2024, the parties filed a second joint request to continue the trial date to February 2025. [ECF No. 71]. The basis for this request was to allow defense counsel the time they believe is necessary to adequately review the voluminous discovery, evaluate the evidence, speak to witnesses, consult with experts, issue subpoenas, produce reciprocal discovery, and file any necessary motions, and to give the government additional time to complete discovery disclosures and resolve privilege issues involving third-party privilege holders. *Id*. Judge Bloom denied this motion on February 8, 2024. [ECF No. 72].

On February 20, 2024, a Grand Jury in the Southern District of Florida returned a Superseding Indictment against the Defendants, which added three counts of Health Care Fraud in violation of Title 18, United States Code, Sections 1347 and 2, to the original conspiracy charges. [ECF No. 76].

On March 13, 2024, this matter was reassigned to this Court for all further proceedings. [ECF No. 92].

## III.   The Government's Discovery Productions to the Defendants

Given the expansiveness of the Defendants' criminal scheme and the number of individuals with whom the Defendants conspired, there is a tremendous volume of material subject to the government's discovery obligations.

To date, the government has produced to the Defendants over 10 million documents in 21 discovery productions. The discovery productions include, among other materials: emails, cell phone images, and computer data obtained through search warrants; Medicare claims data, doctors' orders and other medical records for hundreds of thousands of patients; interview reports; financial records; material provided by cooperating witnesses; recordings; investigative reports; and documents acquired by the government in other related matters.

In addition to the material produced to the Defendants, the government made additional material available to the Defendants that is stored on servers seized in related matters. The government advised the Defendants as to how they could obtain, review, and/or inspect that electronically stored information.

To aid the Defendants in their review of this voluminous discovery material, the government provided the Defendants with an index that catalogues and details the discovery material produced. The government also provided preindictment discovery to the Defendants including identifying key communications and documents.

### IV. Outstanding Discoverable Material

As the government prepares for trial and identifies any additional material potentially subject to its discovery obligations, the government will promptly produce that material to the Defendants.

Additionally, a designated filter team in the Special Matters Unit of the U.S. Department of Justice's Fraud Section has been producing to the Defendants items containing potentially privileged material that are not available to the prosecution team. The filter team obtained consent from potential third-party privilege holders to disclose discoverable, potentially privileged material and has produced tens of thousands of documents to the Defendants. However, there are additional potential privilege claims that need to be resolved. The filter team has identified approximately 509,000 documents as potentially privileged that have not yet been produced. The filter team sent to defense counsel a proposed protocol for resolving any third-party privilege claims over these materials, and it hopes to gain their consent for this process. Special Matters Unit Trial Attorney Evan Schlom will be present at the status conference on March 22, 2024, to address any questions regarding the filter team in this case.

Respectfully submitted,

*/s/ Darren C. Halverson*
Darren C. Halverson
Shane Butland
Jennifer E. Burns
Trial Attorneys

Fraud Section, Criminal Division
U.S. Department of Justice
darren.halverson@usdoj.gov
202-880-2232