UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CR-20271

UNITED STATES OF AMERICA,

vs.

BLACKMAN ET AL.

          Defendants.
_____/

## UNITED STATES' UNOPPOSED MOTION FOR A DISCOVERY PROTOCOL GOVERNING DISCLOSURE OF MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE

The United States of America, by and through its assigned Filter Team,[1] respectfully files this unopposed motion to request authorization and entry of a protocol to disclose discovery materials that have been or are potentially subject to claims of privilege by Defendants and certain third parties. The United States requests entry of the protocol, attached as Exhibit A to this motion (the "Discovery Protocol"), to fulfill its discovery obligations to Defendants while respecting third-party claimants' privileges and to resolve privilege disputes raised by Defendants or third-party claimants. The Discovery Protocol will allow Defendants and the third parties to assert attorney-client privilege and other applicable protections, provide a process for resolving disputes prior to involvement of this Court, and govern the disclosure of non-privileged materials.

### I.    Factual Background

On June 27, 2023, a grand jury returned an indictment charging Defendants Brett Blackman, Gary Cox, and Gregory Schreck with conspiracy to commit healthcare fraud and wire

---

[1] The Filter Team in this case consists of Trial Attorney Evan Schlom of the Special Matters Unit in the U.S. Department of Justice, Criminal Division's Fraud Section (hereafter "SMU"). The Filter Team has a separate reporting and supervisory chain from the Prosecution Team in this case and is supported by paralegals and other professional staff who are not part of the Prosecution Team.

fraud, in violation of 18 U.S.C. § 1349, conspiracy to pay and receive healthcare kickbacks, in violation of 18 U.S.C. § 371, and conspiracy to defraud the United States and make false statements in connection with healthcare matters, in violation of 18 U.S.C. § 371. [ECF No. 1]. On February 20, 2024, a grand jury returned a superseding indictment adding three counts of healthcare fraud, in violation of 18 U.S.C. § 1347 and 18 U.S.C. § 2. [ECF No. 76]. The Superseding Indictment alleges a complex and wide-ranging scheme relating to telemedicine, durable medical equipment, prescription drugs, and other medical products that spanned more than five and a half years. *See id.* at 11-14. This case was certified as complex based on a joint motion from all Defendants. [ECF No. 34].

## II.     The Filter Review

As part of several investigations across multiple jurisdictions, the Government executed numerous email and premises search warrants seizing material from multiple potential privilege holders, including Defendants as well as third parties. The Filter Team has been reviewing material in its possession from those investigations that was identified as potentially discoverable in this matter and seeking consent from individual Defendants and third-party privilege holders to release such material to all Defendants. The Filter Team is currently withholding from Defendants and the Prosecution Team approximately 500,000 documents that may be subject to the Government's disclosure obligations but over which a third party, or one of the Defendants individually, may hold a potential privilege claim.

## III.    Discovery Protocol for Production of Discovery Material Potentially Subject to Privilege Claims

The proposed Discovery Protocol permits the Filter Team to continue to identify and segregate Potentially Protected Material from the Prosecution Team and to release items that are not potentially protected to the Prosecution Team and all three Defendants. Moreover, the

2

Discovery Protocol provides a practical and straightforward mechanism for the Government to notify privilege holders and resolve potential privilege claims prior to producing their Potentially Protected Material in discovery and provide an objecting claimant with an opportunity to be heard. Finally, the Discovery Protocol sets forth a procedure for parties to narrow and resolve areas of disagreement and allows for expeditious adjudication by the Court of any remaining disputes.

On March 27, 2024, the Filter Team conferred via email with counsel for Defendants Blackman, Cox, and Schreck regarding this Motion, and all confirmed that they did not oppose it.

Therefore, to fulfill the Government's discovery obligations to all Defendants, respect claimants' asserted privileges, and resolve privilege disputes, the Government now respectfully requests the Court enter an order permitting the Government to disclose discovery materials that have been or could potentially be subject to claims of privilege by a Defendant or a third-party pursuant to the Discovery Protocol.

## IV.   Argument

The Government has certain discovery obligations in criminal proceedings. *See United States v. Jordan*, 316 F.3d 1215, 1249–53 (11th Cir. 2003) (explaining Rule 16, *Brady*, *Giglio*, and *Jencks* discovery obligations). In situations in which materials in the Government's possession may involve claims of privilege, those discovery obligations must be balanced with the rights of privilege holders, who may possess constitutional and statutory rights to the effective assistance of counsel and to have privileged communications with those counsel. The Court also has inherent power to regulate discovery pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, which permits the Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Government's proposed Discovery Protocol invokes these inherent

powers of the Court by using a Filter Team to segregate Potentially Protected Material and provide this material to the potential privilege holders for privilege assertion.

Courts in the Eleventh Circuit have repeatedly recognized the validity of using filter teams to properly segregate material subject to a claim of privilege. *See In re Sealed Search Warrant and Application for Warrant by Telephone or Other Reliable Electronic Means*, 11 F.4th 1235, 1250 (11th Cir. 2021) (explaining that Government filter teams play a widely accepted role that "is respectful of, rather than injurious to, the protection of privilege") (quoting *In re Grand Jury Subpoenas 04-124-03 and 04-124-05 (Winget)*, 454 F.3d 511, 522-23 (6th Cir. 2006)); *United States v. Deluca*, 663 F. App'x 875, 877 (11th Cir. 2016). And multiple courts in the Eleventh Circuit—including in the Southern District of Florida —have entered similar protocols to the one proposed by the Filter Team in this case to handle the segregation and production of Potentially Protected Materials. *See, e.g.*, *United States v. Carver*, No. 22-cr-80022, 2022 WL 1681917 (S.D. Fla. May 9, 2022); *United States v. Murillo Prijic*, No. 21-cr-60340-PCH, 2021 WL 6111657 (S.D. Fla. Dec. 27, 2021); *United States v. Port*, 19-20583, ECF No. 194 (S.D. Fla. Nov. 30, 2021); *United States v. Stein*, No. 21-cr-20321, ECF. No. 58 (S. D. Fla. Oct. 29, 2021); *United States v. Garipoli*, No. 19-cr-80196, ECF No. 60 (S.D. Fla. Mar. 11, 2021); *United States v. Patel*, No. 19-cr-80181, 2020 WL 3118291 (S.D. Fla. June 8, 2020).

Further, many courts in other jurisdictions, including in the Third, Fourth, Fifth, and Sixth Circuits, have also recently entered protocols similar to the one sought here. *See, e.g.*, *United States v. Farizani*, No 4:21-cr-62, ECF No. 153 (S.D. Tex. Feb. 16, 2024); *United States v. Fletcher*, No. 2:21-cr-64-DLB-CJS, 2022 WL 1118042 (E.D. Ky. Mar. 8, 2022); *United States v. Siefert*, No. 2:21-2-DLB-CJS, 2021 WL 3076940 (E.D. Ky. July 17, 2021); *United States v. Reifler*, No. 1:20-cr-512-1, 2021 WL 2253134 (M.D.N.C. June 2, 2021); *United States v. Salahaldeen*, No. 3:20-cr-

839, 2021 WL 2549197 (D.N.J. May 7, 2021); *United States v. Kennedy*, 19-cr-842, ECF No. 32 (S.D. Tex. Apr. 21, 2021). Accordingly, where, as here, a court is faced with criminal litigation involving potential claims of attorney-client privilege from multiple defendants and multiple third parties, a Filter Team and a protocol provide a practical means for narrowing and ultimately adjudicating such claims.

The Protocol requires authorization from the potential privilege holder(s) or the Court before the Filter Team releases any Potentially Protected Material to the Prosecution Team or Defendants. Thus, this Protocol does not authorize the Government to adjudge whether specific material is privileged, and instead leaves adjudication of any privilege claims to the Court. *See* Fed. R. Evid. 501. Nonetheless, because "[t]he burden of establishing the privilege rests with the client or with the party objecting to the disclosure of the communication," *McClary v. Walsh*, 202 F.R.D. 286, 291 (N.D. Ala. 2000), including through a particularized showing, the Court cannot practically adjudicate privilege claims here without employing an orderly process. Moreover, "a party cannot meet its burden of proof with a blanket assertion of privilege." *In re Grand Jury Subpoena*, 831 F.2d 225, 228 (11th Cir. 1987). For these reasons, the Filter Team respectfully proffers that the proposed Protocol provides the Court with such an orderly process whereby the potential privilege holder(s) may assert any privilege claims with particularity through a privilege log; all parties may confer in attempts to narrow any disputes; and, if necessary, the Court may inspect Potentially Protected Material *in camera* for adjudication. Further, the Proposed Protocol provides a practical mechanism for the Government to notify and resolve potential third-party claimants' claims prior to producing their Potentially Protected Material in discovery, and it give an objecting claimant an opportunity to be heard.

Finally, the Protocol further protects privilege claims by limiting any waiver of a privilege in this proceeding and any future proceedings. *See* Fed. R. Evid. 502(d) (providing that a court may "order that [a] privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding."). In doing so, a potential claimant need not assert a privilege claim solely out of concern that the privilege will be waived in another proceeding. Consequently, the Protocol allows the Parties to focus on the most relevant materials and the most significant claims.

### V. Conclusion

The proposed Discovery Protocol allows for a fair and efficient discovery and disclosure process while allowing defendant and third parties to assert valid claims of privilege, engages Defendants and third-party privilege holders in the process for asserting privileges, allows the parties to narrow the areas of disagreement, and designates the Court as the final adjudicator of any privilege disputes or determinations. For these reasons and as set forth above, the Government respectfully requests that this Court grant the United States' request for authorization and entry of a protocol to disclose discovery material that has been or is potentially subject to claims of privilege by Defendants and certain third parties.

* * * * *

This the 27th day of March, 2024

                                    Respectfully submitted,

                                    GLENN LEON, CHIEF
                                    CRIMINAL DIVISION, FRAUD SECTION
                                    U.S. DEPARTMENT OF JUSTICE

                                    MARKENZY LAPOINTE
                                    UNITED STATES ATTORNEY

By:    */s/ Evan N. Schlom*
        EVAN N. SCHLOM (FL Bar # A5503172)
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section
        Special Matters Unit
        1400 New York Avenue NW
        Washington, DC 20530
        Tel: (202) 616-5720
        evan.schlom@usdoj.gov

## CERTIFICATE OF CONFERENCE

      I hereby certify that on March 27, 2024, I conferred via email with counsel for Defendants regarding this Motion for a Discovery Protocol Governing Disclosure of Material Subject to Claims of Privilege. Defendants do not oppose this Motion.

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 27, 2024, I filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                        */s/ Evan N. Schlom*
                                        EVAN N. SCHLOM
                                        Trial Attorney, Fraud Section