**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-CR-20271**

UNITED STATES OF AMERICA,

vs.

BLACKMAN ET AL.

              Defendants.

_____/

**(PROPOSED) DISCOVERY PROTOCOL ORDER**

The Court **GRANTS** the Government's Unopposed Motion for Entry of a Discovery Protocol Governing the Production of Potentially Protected Material pursuant to Federal Rule of Criminal Procedure 16.

**IT IS ORDERED**:

1.      The Protective Orders issued on August 1, 2023 (ECF No. 20) and August 17, 2023 (ECF No. 31) will apply to any discovery, including material produced by the Filter Team to Defendants or a non-party pursuant to the Protocol.

2.      This Discovery Protocol Order (the "Protocol") governs the production of Potentially Protected Material[1] in this case.

3.      The Government Filter Team may not share a first-level supervisor with anyone on the investigative/prosecution team (the "Prosecution Team"). Any supervisor involved in the Filter Team's review will be walled off from the underlying investigation.

_____

[1]  "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

4.      The Government's Filter Team will segregate Potentially Protected Material from the Prosecution Team and Defendants unless the Court or the ostensible holder of the potential privilege(s) or protection(s) expressly authorizes the production of the Potentially Protected Material to the specific recipient.

5.      The Filter Team will produce discovery material that is not Potentially Protected Material to the Prosecution Team, which will then produce the material to all Defendants.

6.      If a Defendant is the ostensible holder of the potential privilege(s) or protection(s) for any Potentially Protected Material, the Filter Team will notify that Defendant before producing any of Defendant's Potentially Protected Material to the Prosecution Team using the following procedure:

    a.   <u>Notice</u>:  The written notice to a Defendant must include:

       i.   An electronic index identifying the Potentially Protected Material scheduled for production;

       ii.   A copy of this Protocol.

    b.   <u>Objections</u>:  If a Defendant objects to the Filter Team's production of certain items to the Prosecution Team and all other Defendants, the Objecting Defendant must send a written objection to the Filter Team within thirty (30) days of receiving the notice of scheduled production.  The objection must include a privilege log setting forth, for each item logged:

       i.   The Bates number range for the item;

       ii.   The item title or a description of the item's subject matter;

       iii.   The date the item was created;

       iv.   The author(s) of the item;

       v.   The recipient(s) of the item, if any;

       vi.   Transmittal details of the item, if any;

       vii.   The party asserting the potential privilege(s) and/or protection(s); and

       viii.   The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged and a description sufficient to enable evaluation of that assertion without reviewing

2

the document itself, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

c. <u>Non-Logged Potentially Protected Material</u>:  The Filter Team will produce to the Prosecution Team and Non-Objecting Defendants the Potentially Protected Material that the Objecting Defendant does not include on the privilege log without the need for the Court's approval.

d. <u>Failure to Object or Assert</u>:  If Objecting Defendant fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Non-Objecting Defendants with information regarding the Filter Team's attempts to contact Objecting Defendant and the subsequent failure to respond. Thereafter, the Government or any Non-Objecting Defendant may forego Subparagraph (f) below and move the Court for a finding that Objecting Defendant waived any privilege(s) and/or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

e. <u>Failure to Comply</u>: If Objecting Defendant fails to (i) provide to the Filter Team a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Filter Team or any Non-Objecting Defendant may move the Court, under seal, to determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

f. <u>Meet and Confer Requirement</u>:  The Filter Team will have ten (10) days from the receipt of any objection(s) and required privilege log to meet and confer with Objecting Defendant to try and resolve any disagreements concerning the objection(s).  All Defendants must be given notice of the date and time of the meet and confer and may participate through counsel.

g. <u>Motion to Compel</u>:  If, following the meet and confer process, the parties cannot resolve all disputes, the Filter Team or any Non-Objecting Defendant may move the Court, under seal, to determine whether documents subject to a disagreement are privileged.  Upon the Court's request, the objecting Defendant will provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

7.      If a non-party to this case is the ostensible holder of the potential privilege(s) or protection(s) of any Potentially Protected Material, the Filter Team will notify the non-party before producing their Potentially Protected Material to the Prosecution Team and/or Defendants. However, if this notice would jeopardize an ongoing investigation, the Filter Team may instead

seek authorization from the Court on how to produce the Potentially Protected Material to Defendants and/or the Prosecution Team.  Absent the potential to jeopardize an ongoing investigation, the following procedure will apply when the ostensible holder of the potential privilege(s) or protection(s) over any Potentially Protected Material is a non-party:

    a.  <u>Notice</u>:  The written notice to a non-party must include:

        i.  The criminal case number of this proceeding;

        ii.  An electronic index identifying the Potentially Protected Material scheduled for production;

        iii.  An electronic copy of the Potentially Protected Material scheduled for production;

        iv.  A copy of each of the Protective Orders in this case (Docket Entry Nos. 20 and 31); and

        v.  A copy of this Protocol.

    b.  <u>Objections</u>:  If the non-party objects to the Filter Team's production of certain items to Defendants and/or the Prosecution Team, the non-party must send a written objection to the Filter Team and counsel for Defendants within thirty (30) days of receiving the notice of scheduled production.  The objection must include a privilege log setting forth, for each item logged:

        i.  The Bates number range for the item;

        ii.  The item title or a description of the item's subject matter;

        iii.  The date the item was created;

        iv.  The author(s) of the item;

        v.  The recipient(s) of the item, if any;

        vi.  Transmittal details of the item, if any;

        vii.  The party asserting the potential privilege(s) and/or protection(s); and

        viii.  The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged and a description sufficient to enable evaluation of that assertion without reviewing the document itself, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

      c.   <u>Non-Logged Potentially Protected Material</u>:  The Filter Team will produce to the Prosecution Team and Defendants the Potentially Protected Material that the non-party claimant does not include on the privilege log without the need for the Court's approval.

      d.   <u>Failure to Object or Assert</u>:  If the non-party fails to adequately object within thirty (30) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team and Defendants with information regarding the Filter Team's attempts to contact the non-party and the subsequent failure to respond.  Thereafter, the Government or any Defendant may forego Subparagraph (g) below and move the Court for a finding that the non-party waived any privilege(s) or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

      e.   <u>Failure to Comply</u>: If a non-party fails to (i) provide to the Filter Team and Defendants a privilege log that complies with Subparagraph (c) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Filter Team or any Defendant may move the Court, under seal, to determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

      f.   <u>Meet and Confer Requirement</u>:  The Filter Team and Defendants will have ten (10) days from the receipt of any objection(s) and required privilege log to meet and confer with the non-party to try and resolve any disagreements concerning the objection(s). All Defendants must be given notice of the date and time of the meet and confer and may participate through counsel.

      g.   <u>Motion to Compel</u>:  If, following the meet and confer process, the parties and non-parties cannot resolve all disputes, the Filter Team or any Defendant may move the Court, under seal, to determine whether documents subject to a disagreement are privileged.  The moving party must also serve a copy of the motion and attachments on the non-party.  Upon the Court's request, the objecting non-party will provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

8.     An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-Potentially Protected Material to Defendants and/or the Prosecution Team by providing a written objection to the recipient Defendants and/or the Prosecution Team detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s).  The Filter Team will promptly claw back the identified material from the Prosecution Team.  If a Defendant is not also a holder of the privilege(s) and/or

protection(s), that Defendant must promptly return, sequester, or destroy the identified material (and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if the Defendant disclosed it before receiving the objection. The identified material will then be treated as Potentially Protected Material under Paragraph six (6) or seven (7), whichever is applicable.

9.      The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

10.     Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to the Prosecution Team, Defendants, or a non-party under this Protocol or subsequent order in this proceeding, will not automatically constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

11.     All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver. Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph will not itself automatically constitute a waiver or forfeiture of any claim of privilege or protection.

12.     If any member of the Prosecution Team inadvertently reviews Potentially Protected Material, the Prosecution Team member must immediately cease review of the Potentially Protected Material and turn the Potentially Protected Material over to the Filter Team for

processing in accordance with this Protocol. Inadvertent review of Potentially Protected Material will not automatically disqualify a Prosecution Team member from this matter.

13.     The Parties and non-parties subject to this Protocol may extend its deadlines by written agreement or by requesting the same from the Court upon good cause shown.

**SO ORDERED.**

_____
Date

_____
THE HONORABLE DAVID S. LEIBOWITZ
U.S. DISTRICT COURT JUDGE