## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-CR-20271-LEIBOWITZ

UNITED STATES OF AMERICA

v.

GREGORY SCHRECK,

      Defendant.

### <u>PRELIMINARY ORDER OF FORFEITURE</u>

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Gregory Schreck (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On February 20, 2024, a federal grand jury returned a Superseding Indictment charging the Defendant in Count 1 with conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349, among other counts. Superseding Indictment, ECF No. 76. The Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349, among others, the Defendant shall forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the violation pursuant to 18 U.S.C. § 982(a)(7). *See id.* at 23-24.

On February 20, 2025, the Court accepted the Defendant's guilty plea to Count 1 of the Superseding Indictment. *See* Minute Entry, ECF Nos. 170, 175, 179; Plea Agreement, ECF No. 172. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $500,000. ECF No. 172 at 10. In support of the guilty plea, the Defendant

executed an Agreed Factual Basis for Guilty Plea, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 171. The Agreed Factual Basis for Guilty Plea also provided a basis for the forfeiture of property. *See id.* at 4.

As set forth in the Agreed Factual Basis for Guilty Plea, ECF No. 171, the Defendant knowingly and willfully conspired and agreed with others, including his co-conspirators, to own operate, and control the company HealthSplash, Inc., which operated the internet-based portal DMERx. *Id.* at 1. As part of this scheme, the Defendant and his co-conspirators operated HealthSplash, and National Center for Pain, LLC. *Id.* The Defendant and his co-conspirators developed a scheme that targeted the Medicare program and other health care benefit programs to obtain millions of dollars in reimbursement for medically unnecessary orthotic braces and prescription creams, among other items. *Id.* The Defendant and his co-conspirators at National Center for Pain and at various telemarketing companies targeted hundreds of thousands of beneficiaries on behalf of orthotic brace suppliers and pharmacies. *Id.*

The Defendant and his co-conspirators and others offered to connect brace suppliers, pharmacies, and telemarketing companies with telemedicine companies that used the DMERx platform and that would accept illegal kickbacks and bribes in exchange for arranging for medical practitioners to order braces, pain creams, and other items for these recruited beneficiaries. *Id.* at 2.

In addition, the Defendant and his co-conspirators and others obtained beneficiary information from the brace suppliers, pharmacies, and telemarketing companies to transfer it to telemedicine companies through the DMERx platform. *Id.* The Defendant and his co-conspirators and others then created false and fraudulent standard form language for doctors' orders on the DMERx platform that the telemedicine companies were required to use, and which falsely

represented that medical practitioners had examined and treated the beneficiaries. *Id.* The Defendant and his co-conspirators and others recruited additional co-conspirators at purported telemedicine companies to pay medical practitioners to sign the false and fraudulent doctors' orders on the DMERx platform—without regard to medical necessity and based on either a brief telephone call, or no telephone call at all, with the beneficiary—and arrange for the doctors' orders to be transferred to brace suppliers, pharmacies, and telemarketing companies that were clients. *Id.*

The Defendant and his co-conspirators and others received payments in exchange for connecting these parties, coordinating these illegal kickback transactions, and referring the completed doctors' orders to the brace suppliers, pharmacies, and telemarketing companies. *Id.* at 3. The orders that the Defendant and his co-conspirators and others caused to be generated through the DMERx platform billed Medicare and other health care benefit programs in an amount in excess of approximately $1 billion for orthotic braces and pain creams that were procured through the payment of kickbacks and bribes, were medically unnecessary, and ineligible for reimbursement. *Id.* Medicare and other health care benefit programs paid brace supplies and pharmacies in excess of approximately $360,000,000 based on false and fraudulent claims submitted as a result of those doctors' orders. *Id.* The Defendant personally benefited from the conspiracy through approximately $500,000 in salary payments and direct payments to his company, RX Efficiencies LLC. *Id.*

Based on the record in this case, the total value of the gross proceeds traceable to Count 1 is $500,000 in U.S. currency, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $500,000 is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this _____ day of June 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE